## KING *vs.* MURPHY.

*Fourth Judicial District Court, August,* 1857.

### PUBLIC OFFICERS—ASSAULT AND BATTERY.

A constable acting as a public officer, has a right peaceably und without force, to enter premises in the discharge of his duties in serving his writ of attachment.

Having attached property in certain premises, he is entitled to visit it unmolested, in order to maintain his custody, and he is at liberty to remove the property.

Action to recover $10,000 for alleged injuries suffered by plaintiff by reason of an assault and battery committed by defendants. The complaint sets forth the following allegations: On the 3d day of April last, plaintiff, who is constable of the Second District, received a writ of attachment issued out of the Justice's court in a suit where defendant, Murphy, was plaintiff, and one Freeman, defendant, and in pursuance of such writ plaintiff took possession of the goods of said Freeman, with his consent, he having surrendered to King the keys of his house. That on the 9th day of April, while he was in possession of the property, defendants, with force and arms did seize and strike plaintiff with a metallic head or stick called a " Billy," and with great force did beat plaintiff and knock him down, and while down the defendant struck the plaintiff with the said instrument known as a " Billy." It is alleged that the plaintiff was by said beating rendered prostrate and insensible and that defendant did then and there choke the plaintiff, and tore and injured his clothes to the amount of fifty dollars. By means of all which plaintiff was confined to his bed for the space of nine days, and during that time and subsequently suffered great pain and distress, and was hindered and wholly disabled from transacting his daily business and was forced to lay out the sum of eighty dollars for medical attendance.

Defendant admits most of the allegations of the complaint, but denies

the assault and battery, and alleges that if he did commit any upon plaintiff, he committed it in defending himself against an assault first committed upon him by the plaintiff.

The evidence introduced by plaintiff showed defendants to be owners of property on Stockton street, between Vallejo and Green streets, worth between $4,000 and $5,000, and a portion of it was leased to a colored man named Freeman. This tenant having gone in arrear for rent, Murphy commenced an action in the Justice's court of the Second District for its recovery, and the attachment issued was put in the hands of King.

The latter levied upon the property, left it in the premises, locked them, and took the key; it appeared that, some days subsequently, the constable returned to the premises and commenced removing the property.

At this moment, Murphy seeing a chair passing out and discovering the presence of King, interfered for the purpose of ejecting him from the house. A rencontre took place, and several witnesses for the plaintiff and defendant testified, though very differently, as to the circumstances of the conflict and the manner in which it commenced. It appears, however, that the plaintiff received several severe contusions and bruises.

*T. C. Hambly*, for plaintiff.

*Geo. F. James*, for defendant.

HAGER, J., after explaining the admissions and allegations made by the pleadings, and referring to the testimony applicable thereto, stated that a constable had a right peaceably and without force, to enter premises for the purpose of executing a writ of attachment; that he might also after a levy was made and with the consent of the tenant legally in possession, leave and lock up the property on the premises; and by virtue of his writ and levy he could afterwards legally revisit the premises, and, if he saw fit, remove the whole or any portion of the property to another place. He is liable personally and also upon his official bond, for its safe keeping, and he is also responsible for illegal and unauthorised acts, and it should be left for him to judge what is best for the safety of the property, unless the party for whom he acts

gives directions by which he may be relieved from liability. These officers are also conservators of the peace in their respective townships, and if they are attacked or molested whilst in the legal performance of their duties, they have power to arrest the aggressor and call upon the bystanders for assistance. Public officers should be protected in the performance of all duties imposed upon them by law. If an illegal and unjustifiable attack has been made upon the plaintiff whilst in the legal performance of his official duties, he is entitled to compensation by action for the damages sustained.

The damages in such cases are not confined merely to the corporal injury sustained by plaintiff; but if the jury should find for him, they are at liberty to award such exemplary damages as in their judgment the circumstances of the case may require.

The jury found for plaintiff, $750.